# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SMITH AND NEPHEW, INC.,

    Plaintiff,

    vs.                                                          No. CIV 97-0806 JC/JHG

DAVID SEIBOLD, STRYKER SALES CORP.,
STRYKER CORP., OSTEONICS CORP., and
CHARLES NEEDHAM, d/b/a OMNITEX MEDICAL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiff's Objections to Magistrate Judge's Order Entered January 14, 1998 *(Doc. 53)*, filed January 27, 1998. The Court has reviewed the objections, the memoranda submitted by the parties, and relevant authorities, and finds that Plaintiff's objections are not well taken and will be overruled.

**I.**    **Background**

Plaintiff's Motion to Compel Discovery *(Doc. 38)* and supporting memorandum *(Doc. 39)* requested that Defendant David Seibold be compelled to answer interrogatories requesting information about partnerships, corporations, and bank accounts in which Seibold held an interest. Plaintiff's motion also sought production of bank statements, personal income tax returns, partnership tax returns, and stock certificates. Defendant Seibold's response to the motion objects to the interrogatories as overbroad, unnecessarily invasive of Seibold's privacy, and not designed to lead to the production of relevant evidence except on the issues of punitive damages or collection of a judgment. Seibold objected to the discovery of private financial matters related to the issue of

punitive damages, alleging that Plaintiff had not made a *prima facie* showing that there were any malicious acts that could lead to imposition of punitive damages.

Magistrate Judge Galvan held a telephonic hearing on Plaintiff's Motion to Compel on January 6, 1998 *(Doc. 47)*. Magistrate Judge Galvan granted in part and denied in part Plaintiff's motion in his January 14 order. Plaintiff filed its Rule 72 objection to the pretrial order on January 27, 1998. Plaintiff objects to the order insofar as it denies disclosure of the identity of bank accounts and partnerships, and refuses to compel production of bank statements, stock certificates, personal tax returns and partnership tax returns.

## II.  Analysis

A district judge considering objections to magistrate orders on non-dispositive pretrial motions "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). Where the magistrate judge's decision involves factual issues, the "clearly erroneous" standard requires that "a decision must strike us as more than maybe or probably wrong; it must strike us with the force of a five week-old, unrefrigerated dead fish." National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 402 (D.N.M. 1991) (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988), cert. denied, 493 U.S. 847 (1989)).

Plaintiff contends that Magistrate Judge Galvan's order was clearly erroneous because it failed to consider the possibility that discovery could lead to relevant evidence on the issue of "whether Seibold has sold medical products in violation of the exclusivity provisions of his contract with plaintiff." (Pl. Obj. at 2). Plaintiff claims that the order only considered the discovery requests as they related to the issues of punitive damages and collection of a judgment.

The record indicates that Plaintiff presented this issue to Magistrate Judge Galvan in its memorandum supporting the motion. (Mem. in Supp. of Pl. Mot. at 2, 4). Plaintiff's memorandum argues that Seibold may have received income from a competitor, may have deposited checks from a competitor into a bank account, may own stock in a competitor, or may have tax records reporting income from a competitor. Magistrate Judge Galvan appears to have considered this argument and rejected it because the January 14 order specifically requires Seibold to answer Interrogatory No. 11 "as to those corporations that deal in medical products and devices similar to those dealt in by Smith and Nephew, Inc."

Plaintiff's argument fails because the requested information does not appear "reasonably calculated to lead to the discovery of admissible evidence" on this issue. FED. R. CIV. P. 26(b)(1). Plaintiff does not show how the identity of bank accounts and partnerships, stock certificates, bank statements, and tax returns can reasonably lead to discovery of evidence that Seibold sold medical products in violation of his contract. Magistrate Judge Galvan's order is not clearly erroneous.

**III.    Conclusion**

Wherefore,

IT IS ORDERED that Plaintiff's Objections to Magistrate Judge's Order Entered January 14, 1998 *(Doc. 53)*, filed January 27, 1998, are **overruled.**

DATED this 13th day of October, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Gregory D. Steinman
	Madison, Harbour, Mroz & Brennan, P.A.
	Albuquerque, New Mexico

Counsel for Defendants:	Charles R. Peifer
	Browning & Peifer, P.A.
	Albuquerque, New Mexico

	Scott D. Gordon
	Rodey, Dickason, Sloan, Akin & Robb, P.A.
	Albuquerque, New Mexico

	Paul S. Grand
	Montgomery & Andrews, P.A.
	Santa Fe, New Mexico